**Supreme Court**
No. 2025-76-M.P.

In the Matter of Steven D. DiLibero.          :

# O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure for Attorneys.  The respondent, Steven D. DiLibero, was admitted to the practice of law in this state on May 26, 1992.  The respondent is also admitted to the practice of law in the Commonwealth of Massachusetts (hereinafter, Commonwealth).

On January 9, 2025, a single justice of the Supreme Judicial Court for the Commonwealth issued a Memorandum of Decision (hereinafter, Decision) and an Order of Term Suspension/Partially Stayed (hereinafter, Suspension Order) against respondent, suspending his license to practice for a period of one year, with six months and one day to be served, and the balance of the suspension stayed for a period of one year following the entry date of the Suspension Order, contingent on respondent taking and passing the Multistate Professional Responsibility Examination and attending five hours of continuing legal education classes pre-approved by the Commonwealth's Office of Bar Counsel.  The effective date of this

- 1 -

Suspension Order was February 8, 2025.  The respondent has not been readmitted to the practice of law in the Commonwealth.

Article III, Rule 14(a), entitled "Reciprocal discipline," provides, in pertinent part: "Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the [C]ourt."  On March 20, 2025, Disciplinary Counsel filed a certified copy of the Decision and Suspension Order with this Court along with her request that we impose reciprocal discipline.

On March 25, 2025, we issued an order to respondent providing him thirty days to assert any claim he may have that the reciprocal discipline should not be imposed.  The respondent requested an extension to reply, which was granted by rule of court.

On May 16, 2025, respondent timely filed a response to the order to show cause, asking that this Court enter an order of reciprocal discipline retroactive to February 8, 2025, the effective date of his Suspension Order in the Commonwealth.

This matter was before this Court at our conference on May 29, 2025.  After a review of the record, we determine that respondent has failed to show cause why identical reciprocal discipline should not be imposed.  We also deny respondent's request for the discipline to be imposed retroactively.

The respondent, Steven D. DiLibero, is hereby suspended from the practice of law in this state for one year with six months and one day to be served, and the balance of the suspension stayed for a period of one year following the entry date of this order, effective immediately. If respondent fails to comply with the contingencies mandated in the Decision and Suspension Order, specifically, taking and passing the Multistate Professional Responsibility Examination and attending five hours of continuing legal education classes pre-approved by the Commonwealth's Office of Bar Counsel, and his suspension in the Commonwealth is extended beyond six months and one day to serve or the stay of the balance of the one year suspension is removed, respondent shall advise Disciplinary Counsel immediately, who shall report this extended discipline to this Court for further proceedings.

The respondent is directed to comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure for Attorneys, and within *thirty (30) days* after the effective date of this order, the respondent shall file with the Clerk of this Court an affidavit showing:

(1) That he has fully complied with the provision of this order and with the requirements of Article III, Rule 15;

(2) A list of other state, federal and administrative jurisdictions to which he is admitted to practice law; and,

(3) That he has served a copy of the affidavit upon Disciplinary Counsel. The affidavit shall also set forth the residence or other address where communications may thereafter be directed to the respondent.

Entered as an order of this Court this **16*th*** day of ***June 2025***.

By Order,

/s/ *Meredith A. Benoit*
Clerk



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Steven D. DiLibero. | |
| **Case Number** | No. 2025-76-M.P. | |
| **Date Order Filed** | June 16, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Travers, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Christopher S. Gontarz, Esq. | |